IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASPER LEE VICK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:18-cv-00003 |
| | ) | Judge Campbell/Frensley |
| CORE CIVIC, INC., et al . | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is the Plaintiff's Motion for an Pleminary (sic) Injunction and a Temporary Restraining Order (Docket No. 49) which is before the magistrate judge for a Report and Recommendation. For the reasons stated herein, the undersigned recommends that the Motion be DENIED.

**I.**
**BACKGROUND**

The Plaintiff, Jasper Lee Vick, an inmate at the South Central Correctional Facility ("SCCF") filed this pro se complaint against multiple Defendants alleging civil rights violations under 42 U. S. C. §1983 on January 11, 2018. Docket No. 1. After conducting an initial review under the Prison Litigation Reform Act ("PLRA") 28 U. S. C. § 1915(e)(2), the Court dismissed several of the claims asserted but found that Vick had sufficiently stated a claim for deliberate indifference in violation of the Eighth Amendment to his serious medical needs against Defendants Clenney and Kelley regarding inadequacy of his medical treatment; deliberate indifference to his serious medical needs claims against Dodd, Hininger, Leibach, Lindamood, Peeler, Pitman and Wardlow based on an alleged policy of putting the financial well-being of Core Civic and its shareholders above inmate medical treatment; deliberate indifference in

violation of the Eighth Amendment against Jammie Garner, Jessica Garner, Jenkins, and Price based upon their alleged actions or personal involvement in decisions affecting Vick's medical treatment and well-being; First Amendment claims against Banks, Jessica Garner, Gonzalez, Harville, Jenkins, Brandi Keeton, Gregory Keeton, Lineberry, Peeler, Pevahouse, and Price based on their alleged retaliatory acts; and First Amendment claims against Jessica Garner, Jenkins, and Price based on their alleged role in denying Vick access to the Court system. Docket No. 7. The Court directed that the Complaint be served on Defendants. Docket No. 8.[1]

On September 19, 2018, Plaintiff filed the instant motion for injunctive relief. Docket No. 49. Defendants Banks, Clenney, Dodd, Jammie Garner, Jessica Garner, Gonzalez, Harville, Hininger, Jenkins, Brandi Keeton, Gregory Keeton, Kelley, Leibach, Lindamood, Lineberry, Peeler, Pevahouse, Pitman, Price, and Wardlow filed a response in opposition (Docket No. 49) and answered the Complaint (Docket No. 47).

The Plaintiff's complaint spans 59 pages including 229 paragraphs. Docket No. 1. The Court has previously outlined the allegations in the Complaint in detail for purposes of conducting the initial review. Docket No. 7. The undersigned will not repeat the lengthy recitation of Plaintiff's surviving allegations but will address those facts relevant to consideration of the instant motion.

Plaintiff's argument in support of his motion is essentially that due to understaffing and undertraining of correction officers, the Plaintiff faces serious physical health complication that causes immediate and irreparable physical injury as a result of his insulin dependent diabetes. Docket No. 49. ¶¶ 19-20. He argues that the Defendants have ignored his requests for adequate

---

[1] Plaintiff's complaints against several state of Tennessee actors or employees also survived the court's initial review but those parties do not appear to be the subject of the instant motion, and it does not appear Plaintiff has perfected service as to the state Defendants.

medical care in violation of the Eight Amendment. *Id.* at ¶¶ 22-23. He cites numerous incidences of inadequate treatment and monitoring of his blood glucose (*Id.* at ¶ 24) which he attributes to insufficient staffing as a practice designed to save money for Core Civic.[2] *Id. at* ¶¶ 26-27. He further argues that the storing of his legal mail as well as the understaffing and undertraining of correction officers hinders his ability to access the courts. *Id.* at ¶¶ 28-29. He contends that all of this results in his life being in imminent danger and that he will suffer irreparable physical and legal injury. *Id.* at p. 9. While the Plaintiff does not specifically identify the relief sought; based on the foregoing, it appears he seeks to require the Defendants to increase its training and staffing to greater monitor his medical condition, provide medical care and eliminate "lock downs" to allow him greater access to his legal materials. Docket No. 49.

Defendants filed a response in opposition to Plaintiff's motion. Docket No. 52. Defendants assert that Plaintiff has failed to establish any basis for justifying injunctive relief. *Id.* Specifically, they assert he has failed to demonstrate a strong likelihood of success on the merits, that he will suffer irreparable injury absent injunctive relief, or that granting his motion is in the public interest. *Id.*

## II.
## LEGAL STANDARD

The granting of a preliminary injunction is intended to preserve the position of the parties until a trial on the merits can be heard. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F. 3d 535, 542 (6th Cir. 2007). Whether to issue a preliminary injunction is a matter left to the trial court's discretion. *U. S. Student Assoc. Foundation v. Land*, 546 F. 3d 373, 380 (6th Cir. 2008). Preliminary injunctions and temporary restraining orders are extraordinary remedies, which should be granted only if the movant carries his or her burden of proving that

---

[2] Core Civic has not been served with the Complaint.

the circumstances demand it. *See Overstreet v. Lexington Fayette Urban Cty. Gov't*, 305 F. 3d 566, 573 (6th Cir. 2002). Courts will consider the same factors in determining whether to grant a request either for a temporary restraining order or a preliminary injunction. *N. E. Ohio Coal for Homeless and Srv. Employees Intern. Union, Local 1199 v. Blackwell*, 467, F. 3d 999, 1009 (6th Cir. 2006). "The proof required for the Plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000).

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) substantial likelihood of plaintiff succeeding on his civil rights claims brought against defendants; (2) whether plaintiff would suffer irreparable harm without the injunction; (3) whether issuance of injunction will cause harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Bonnell v. Lorenzo*, 241 F. 3d 800, 809 (6th Cir. 2001). The Court should balance the factors; as none of the factors the Court considers, standing alone, is a prerequisite to relief. *Golden v. Kelsey-Hayes Co.*, 73 F. 3d 648, 653 (6th Cir. 1996). However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620 625 (6th Cir. 2000).

The strict burden on a party seeking preliminary injunctive relief is even greater where affirmative relief is sought given that maintaining the status quo until trial is the purpose of injunctive relief. *University of Texas v. Camenisch*, 451 U. S. 390, 395 (1981). Additionally, where a prisoner seeks an Order enjoining prison officials, the Court must avoid "intrud[ing] significantly into the prerogative of state officials." *Glover v. Johnson*, 855 F. 2d 277, 284 (6th Cir. 1988).

# III.
# ANALYSIS

While the specific relief in the pending motion is unclear, it is obvious Mr. Vick is not seeking maintenance of the status quo pending trial. Instead, he appears to ask the Court to order the Defendants to address the alleged understaffing and undertraining and ensure his access to basic diabetes care in coordination with regular meal times and monitoring of his blood glucose levels. Docket No. 49, p. 6. As a result, his motion falls into the category of "particularly disfavored" requests for injunctive relief subject to heightened scrutiny by the Court. *Schrier v. University of Colorado*, 427 F. 3d 1253, 1259 (10th Cir. 2005).

The Plaintiff's Complaint asserts claims related to his incarceration at the Trousdale/Turner Correctional Facility ("TTCC") and South Central Correctional Facility ("SCCF"). As an initial matter, Vick does not request a temporary restraining order or preliminary injunction with respect to his incarceration at TTCC. Docket No. 49. In any event, because he is no longer incarcerated there, such claims would be moot as he is no longer in danger of suffering any injury at that facility. *Proctor v. Applegate,* 661 F. Supp 2d, 743, 762 (E. D. Mich. 2009). Therefore, the Court will consider his request for relief relative to his incarceration at SCCF under the four-factor test prescribed by the Sixth Circuit. *Leary*, 228 F. 3d at 736.

    1.    **Likelihood of Success on the Merits**

    A.    **Deliberate Indifference by Supervisory Employees**

While Mr. Vick's motion and supporting documentation do not explicitly state so, it appears his argument that he is likely to succeed on the merits of his claim in that se he has been denied adequate medical care and access to the courts. See Docket No. 49. With respect to Defendants Dodd, Hininger, Leibach, Lindamood, Peeler, Pitman and Wardlow, the Defendants

argue that Vick cannot hold them liable for failing to oversee or monitor Core Civic employees or prioritizing a policy of costs savings over medical care for inmates. Docket No. 52, p. 5. The undersigned agrees.

Vick has failed to provide any evidence or argument showing that these Defendants personally encouraged or participated in restricting access to medical treatment and food services to inmates like himself with diabetes, let alone the existence of any policy or custom at SCCF that Core Civic's profits take priority over medical care for inmates. Rather, the evidence before the Court is that SCCF is fully staffed and its personnel are trained to identify inmates in need of medical care and provide them with medical assistance and treatment as required. Docket No. 56, ¶ 6. For these reasons, Vick has failed to demonstrate a likelihood of success on the merits at this juncture regarding on his Eighth Amendment claims against Defendants Dodd, Hininger, Leibach, Lindamood, Peeler, Pitman and Wardlow.

### B. Deliberate indifference to Vick's medical needs

To establish a likelihood of success on the merits, Vick must show that the Defendants acted with "deliberate indifference to a substantial risk of serious harm." *Minges v. Butler,* 591 F 3d 474, 480 (6th Cir. 2010). Deliberate indifference cannot be based on negligence, inadvertence, or good faith efforts. *Riley v. Vadlamudi*, 680 F. 3d 617, 624 (6th Cir. 2012). To prevail, Vick must establish both a subjective and objective component. *Wilson v. Seiter*, 501 U. S. 294, 298 (1991). The objective component requires Plaintiff to establish a medical need that is "sufficiently serious." *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004). The subjective component requires proof that prison officials must "know of and disregard an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U. S. at 825, 837 (U. S. 1994).

Differences of opinion between an inmate and prison medical staff about what constitutes appropriate medical care rarely support a claim for deliberate indifference and courts are reluctant to second guess medical judgments of prison medical officials. *Westlake v. Lucas*, 537 F. 2d 857, 860, n. 5. (6th Cir. 1976). Where there has been treatment received, the prisoner must show that the treatment was so inadequate as to amount to no treatment at all. *Alspaugh v. McConnell*, 643 F. 3d 162, 169 (6th Cir. 2011).

The Defendants contend that Vick's allegations pertain to access to medical treatment and the quality of that treatment. Docket No. 52, p. 8. They argue that Vick's own allegations establish that he had access to medical care and any disagreement regarding the nature or the quality of treatment he received does not raise constitutional claims. *Id.* at pp. 9-11.

The allegations in Vick's Complaint as well as his motion for injunctive relief suggest that he has received at least some medical care. For example, he attached various medical passes to his Complaint. Docket No. 1, p. 151. Additionally, he discussed receiving insulin and blood glucose testing in his motion for injunctive relief. Docket No. 49, ¶24. The evidence submitted by Defendants demonstrates that he was continuously evaluated and treated for diabetes upon his arrival at SCCF and that medical providers have continued to administer insulin and provide blood glucose testing on a regular basis to treat his condition. Docket No. 52, pp. 9-10. There is no evidence now or in the record to support Vick's claim that he needs greater access to medical care other than his opinion that the amount of care he is receiving is inadequate. With respect to Vick's quality of care treatment claims, they are based on nothing more than his disagreement with the treatment he received. This disagreement is insufficient to warrant relief. Therefore, Mr. Vick has failed to demonstrate a likelihood of success on the merits of his Eight Amendment claims that he was treated with deliberate indifference at this juncture.

### C. Alleged Denial of Access to Courts

Mr. Vick contends that the Defendants have withheld his legal mail and affected his ability to access the Courts by storing privileged mail in the law library making it inaccessible during "lock downs" and other times access is required by TDOC policy. Docket No. 49, ¶¶ 28-29.

As the Defendants point out however, following initial screening, it does not appear that Mr. Vick has asserted any claims regarding access to the Courts at SCCF. Docket No. 1, ¶¶29-30, 36; Docket No. 7, p. 40. As Vick's only current claims regarding denial of access to the Courts relate to employees at TTCC, those individuals cannot be held liable on any allegations that he was denied access to the courts while at SCCF. It further appears that based upon the filings Mr. Vick has made in this lawsuit that any complaints he has regarding storage of his legal materials and access thereto have not impeded his ability to pursue this litigation, file pleadings or otherwise seek relief. Thus, he has failed to demonstrate a strong likelihood of success on the merits that he will suffer irreparable injury absent injunctive relief and therefore Plaintiff's claims in this regard fail at this juncture.

### 2. Irreparable Harm

While Mr. Vick contends that his "life is in imminent danger and will suffer immediate and irreparable physical injury or loss of movant's life and/or limb(s) should the restraining order not be granted," those allegations are supported by nothing more in the record.

To obtain relief, the Court must consider whether there is the threat of irreparable harm to Plaintiff. *Cooper v. Honeywell, Int'l, Inc.* 884 F. 3d 612, 615 (6th Cir. 2018). Harm is usually considered irreparable when there is no adequate remedy of the law. *See, e.g. Deerfield Medical Center v. Deerfield Beach*, 661 F. 2d 328, 338 (5th Cir. 1981). The harm alleged must be "actual

and imminent," not "speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F. 3d 540, 552 (6th Cir. 2006). In determining the nature of the harm imposed, the courts evaluate three factors: "(1) the substantiality of in the injury alleged; (2) the likelihood of its occurrence; (3) the adequacy of the proof provided." *Rouse v. Caruso*, 2007 WL 909583 at *4 (E. D. Mich. March 3, 2007)(citing *Ohio Ex Rel. Celebrezze v. Nuclear Regulatory Commission* , 812 F. 2d 288, 290 (6th Cir. 1987)).

As noted above, apart from stating that he will suffer irreparable harm, Mr. Vick has offered no evidence supporting that contention. While his complaint and the instant motion offer general descriptions of his condition, they do not offer evidence to suggest that he will suffer specific, immediate, and irreparable harm if he does not obtain injunctive relief. The idea or possibility of harm is not enough to support an injunction. While Mr. Vick suffers from a medical condition for which it is reasonable to be concerned about future harm, that concern alone with nothing more; especially in light of his own allegations indicating that Defendants are aware of his condition and providing him monitoring and treatment is insufficient to support an injunction. Vick has not established that irreparable injury will result if he does not obtain injunctive relief.

### 3. Harm to Others and the Public

In addition to the previously discussed considerations, the Court must also determine whether issuance of the injunction "would cause substantial harm to others," and "whether the public interest would be served by granting injunctive relief." *Cooper*, 884 F. 3d at 615. Vick does not argue these factors in any way. The Defendants contend that these factors weigh against injunctive relief. Docket No. 52, pp. 13-14. They contend that the interest of the public and others are not served by judicial interference by the day-to-day operations of prisons. *Id.*

The interests of identifiable third parties and the public weigh against the issuance of the requested injunction. While it is of course true that protection and enforcement of constitutional rights promotes the public interest, it is well-established law that Courts are reluctant to be involved in the day-to-day management of prisons. *Sandin v. Conner*, 515 U. S. 472, 482 (1995). Thus, the public interest in effective prison administration weighs against injunctive relief absent a sufficient showing of constitutional harm. Because Mr. Vick has not made such a showing the Court should not weigh into such areas. Therefore, this factor weighs against issuance of the injunction.

## III.
## CONCLUSION

The factors the Court must consider in deciding whether to order injunctive relief all weigh against granting Mr. Vick's Motion. Therefore, and for the reasons set forth herein, the undersigned recommends that Vick's Motion for an Pleminary (sic) Injunction and a Temporary Restraining Order (Docket No. 49) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**