IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **JASPER LEE VICK #139471** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 1:18-cv-00003 |
| ) | Judge Campbell / Frensley |
| **CORE CIVIC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two Motions: the first, a Notice and Motion to Dismiss former Tennessee Department of Correction ("TDOC") Employee Sheri Payne filed by TDOC Commissioner Tony Parker (Docket No. 125); and the second, a Motion to Dismiss Plaintiff's claims against TDOC filed by Defendant TDOC pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Docket No. 126).

Defendant Parker's Notice and Motion to Dismiss notifies the Court that Sheri Payne was employed by TDOC for only three days – from September 14, 2015 to September 17, 2015 – as a TDOC Corrections Officer at Bledsoe Correctional Complex, and who was therefore not the CoreCivic employee that Plaintiff identified as "Trousdale Turner Correctional Facility Unit Manager S. Payne." Dockets Nos. 125; 125-1, Affidavit of Brian Hughes. Defendant Parker argues that accordingly, Sheri Payne was erroneously served and should be dismissed as a Defendant in this action. *Id.* Plaintiff has filed a Response to Defendant Parker's Motion, arguing that "the evidence supports that Defendant U/M S. Payne was employed at TTCC December 7, 2016." Docket No. 128.

1

Despite Plaintiff's assertion, the evidence establishes that Sheri Payne was employed by TDOC for only three days – from September 14, 2015 to September 17, 2015 – as a TDOC Corrections Officer at Bledsoe Correctional Complex. Dockets Nos. 125; 125-1, Affidavit of Brian Hughes. The evidence therefore establishes that the Sheri Payne that has been served in this matter is not the CoreCivic employee that Plaintiff identified as "Trousdale Turner Correctional Facility Unit Manager S. Payne." *Id.* Accordingly, the undersigned recommends that Defendant Parker's Motion to Dismiss Sheri Payne as a Defendant in this matter be granted, that Sheri Payne be dismissed as a Defendant in this action, and that Defendants be ordered to identify "Trousdale Turner Correctional Facility Unit Manager S. Payne" so that the proper person can be served.

Plaintiff filed this pro se, in forma pauperis action alleging violations of his rights under the Americans With Disabilities Act, the Rehabilitation Act, and 42 U.S.C. §1983. Docket No. 1. In this Court's initial screening of Plaintiff's Complaint, the Court dismissed Plaintiff's Rehabilitation Act claims and claims for money damages under 42 U.S.C. §1983 against Defendant TDOC. Docket Nos. 7, 8. Defendant TDOC now files the instant Motion to Dismiss Plaintiff's claims for declaratory and injunctive relief against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because it has sovereign immunity from suit in federal court for all claims, including declaratory and injunctive relief, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because TDOC, as an entity of the State of Tennessee, is not a "person" amenable to suit under 42 U.S.C. §1983. Docket No. 126. Defendant TDOC has contemporaneously filed a supporting Memorandum of Law. Docket No. 127. Plaintiff has not responded to the Defendant TDOC's Motion.

Addressing first Plaintiff's claims under 42 U.S.C. § 1983, the Tennessee Department of Correction is an entity of the State of Tennessee; the law is well-settled that a state is not a "person" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Plaintiff has, therefore, failed to state a claim upon which relief can be granted against Defendant TDOC under § 1983 and those claims should be dismissed.

Turning next to the issue of a state's sovereign immunity under the Eleventh Amendment. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has construed the Eleventh Amendment and/or the related concept of sovereign immunity to also bar actions by citizens alleging violations of federal law against their own states in federal or state court. *See Alden v. Maine,* 527 U.S. 706 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 131 U.S. 1 (1890). The Supreme Court has also held that sovereign immunity bars citizen suits against states in federal court for violations of state law. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, the Court has recognized that the "sovereign immunity" of the States is a concept "inherent" in the Constitution and that it is not limited by the language of the Eleventh Amendment. *See Alden*, 527 U.S. at 728-29.

There are two main exceptions to sovereign immunity. First, Congress can abrogate a state's sovereign immunity by passing appropriate legislation pursuant to Section 5 of the Fourteenth Amendment. *See Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S.

3

96, 101 (1989). Second, a state may waive its immunity from suit. *See Pennhurst*, 465 U.S. at 99-100. Federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so, or there are "such overwhelming implications from the text [of a statute] as [to] leave room no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. *See also, Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002).

In enacting the federal civil rights statutes that provide a cause of action for violation of federal statutory or constitutional rights Congress did not abrogate the sovereign immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979). Furthermore, Tennessee has not waived its sovereign immunity from suit in cases such as the case at bar. *See, e.g., Barton*, 293 F.3d at 948. Because Congress has not abrogated, and Tennessee has not waived, sovereign immunity, Plaintiff cannot sustain his claims against the State in this Court, and Defendant TDOC's Motion to Dismiss (Docket No. 126) should be granted.

For the reasons discussed above, the undersigned recommends that the Notice and Motion to Dismiss former Tennessee Department of Correction ("TDOC") Employee Sheri Payne filed by TDOC Commissioner Tony Parker (Docket No. 125) be GRANTED and that Defendants be ordered to identify the correct employee so that he/she may be served. The undersigned further recommends that the Motion to Dismiss Plaintiff's claims against TDOC filed by Defendant TDOC pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Docket No. 126) be GRANTED, that Plaintiff's claims against Defendant TDOC be DISMISSED WITH PREJUDICE, and that Defendant TDOC be TERMINATED as a party in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

4

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge